IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-02769-RM-KMT

MARTIN MARTINEZ,

    Plaintiff,

v.

LEAH THRAILKILL, RN, and
DENTIST DEMBINSKI,

    Defendants.

---

# ORDER

---

This matter arises from Defendants' alleged deliberate indifference to the medical needs of Plaintiff arising from an injury to his tooth. Defendants moved to dismiss for failure to state a claim (ECF No. 20), which motion the Magistrate Judge recommended granting (the "Recommendation") (ECF No. 28). Plaintiff has filed an Objection (ECF No. 31), to which Defendants have filed a Response (ECF No. 32). Although the Federal Rules of Civil Procedure do not provide for a reply, *see* Fed. R. Civ. P. 72(b)(2) (setting forth due dates for objections and an opposing party's response to such objections), Plaintiff nonetheless filed a Reply (ECF No. 35).[1] The matters are ripe for resolution.

---

[1] Titled as a response.

## I. BACKGROUND

Briefly, according to allegations in the operative complaint, on December 5, 2016, Plaintiff bit into a rock while eating his meal where he was jailed. Thereafter, Plaintiff submitted several dental and medical kites seeking a soft diet and/or dental care. Plaintiff was not provided a soft diet and did not get the dental care he sought, i.e., a root canal. Plaintiff was provided with medication and ultimately had his tooth pulled. Plaintiff's claim two against Defendants survived an early order of dismissal (ECF No. 9). These Defendants' motion to dismiss argues Plaintiff's allegations fail to state a claim for deliberate indifference to his medical needs, the sole remaining claim in this case. The Magistrate Judge agreed, recommending dismissal. Plaintiff's objection followed.

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a

magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**B.     Motion to Dismiss**

As no party objects to the Magistrate Judge's statement of the standard applicable to motions to dismiss, and the Court finds such statement to be correct, the standard set forth in the Recommendation is incorporated herein by this reference.

**C.     *Pro Se* Party**

Plaintiff is proceeding *pro se*. The Court, therefore, reviews Plaintiff's pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citations omitted). *Pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. ANALYSIS

### A. Plaintiff's Objection is Untimely

Defendants argue Plaintiff's Objection is untimely; therefore, the Magistrate Judge's Recommendation should be reviewed for clear error. The Court agrees.

The Recommendation specifically advised the parties that written objections were due within 14 days. (ECF No. 28, pages 11-12.) Upon motion for extension of time filed by Plaintiff, the Court granted Plaintiff a 30-day extension of time to object to the Recommendation. (ECF Nos. 29, 30.) The Court specifically stated the objection was due by October 26, 2018. Plaintiff's Objection, however, was not received until November 1, 2018, without a request for extension of time. Plaintiff's Reply argues he "entered his objection *on or before* the extended date of October 26, 2018" and the record so shows. (ECF No. 35, p. 2.) The Court finds otherwise.

Under the prison mailbox rule, Plaintiff bears the burden of showing he made timely use of the prison's legal mail system or, alternatively, if a legal mail system is not available, "then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005); *see also Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying the rule to objections to a magistrate judge's report). Plaintiff's Objection contains no certificate of service showing if and when the jail's legal mail system was used. Plaintiff's envelope in which the Objection arrived has a "Legal Mail" stamp but fails to show that it was timely mailed. Indeed,

4

Plaintiff appears to not even know when he placed his Objection into the legal mail system as he recites it was allegedly "on or before October 26, 2018."

Plaintiff's Reply, even when considered, fares no better. Once Defendants raised the issue, Plaintiff could have sought leave to supplement the record, or include additional information in this Reply to show the Objection was timely. He did not. On this record, the Court finds the Objection is untimely. Accordingly, the Objection is stricken[2] and the Court reviews the Recommendation for clear error.

**B. The Court Finds no Clear Error as to the Recommended Disposition**

The Court has reviewed the Recommendation, and the relevant filings, and finds (when Plaintiff's complaint is liberally construed) clear error in some analysis but, notwithstanding such error, agrees with the recommended disposition of dismissal.

Specifically, with respect to Defendant Thrailkill, the Court agrees there are no specific allegations that the pain medications she provided failed to give Plaintiff relief when taken. Plaintiff does allege, however, that he suffered constant pain until his tooth was pulled, thus indicating the pain medications may not have provided him sufficient relief. Nonetheless, Plaintiff's claim against Defendant Thrailkill fails because the allegations fail to show that *she* was aware of Plaintiff's alleged constant pain. Here, Plaintiff alleges he submitted various medical and dental kites, but the medical kites (presumably all directed at Defendant Thrailkill) were requests for a soft diet – not that he was in pain or that the pain medications were insufficient. And, to the extent Plaintiff's claim relies on the failure to provide him with a soft

---

[2] That is not the only problem with the Objection. For example, it contains matters which were not raised before the Magistrate Judge and exhibits which were not attached to his complaint.

diet, as he alleges, both Defendants went over the medical and dental records and determined there was no need for a soft diet. (ECF No. 8, p. 8, ¶15.) Finally, as to any allegations regarding Plaintiff's desire for a root canal, Judge Babcock already dismissed such allegations as they "are no more than a disagreement with medical treatment." (ECF No. 9, p. 6.) As such, as the Magistrate Judge correctly found, Plaintiff fails to sufficiently allege a deliberate indifference claim because a defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and … actually draw[] that inference." (ECF No. 28, p. 8 (internal quotation marks and citation omitted)). And, further, because a prisoner does not have a constitutional right to a particular course of treatment. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006).

The same holds true for Plaintiff's allegations against Defendant Dembinski. The Court agrees that Plaintiff does not allege any instance where a request for dental care was made and denied.[3] The Court finds the conclusion that each time Plaintiff made a request, he was seen and treated, however, overstates the allegations. Instead, the allegations show that Plaintiff submitted dental kites and responses were given to address his concerns. Regardless, as the Magistrate Judge found, Plaintiff does allege that he was seen and treated by Defendant Dembinski a few weeks after he submitted a kite to be seen by dental. In summary, the Court finds there is no clear error in the Magistrate Judge's conclusion that Plaintiff failed to satisfy the subjective component of his deliberate indifference claim against Defendant Dembinski.

IV. CONCLUSION

Based on the foregoing, it is ORDERED

---

[3] Other than the allegations which Judge Babcock has already found insufficient.

(1) That Plaintiff's Objection (ECF No. 31) is STRICKEN as untimely;

(2) That the Recommendation of United States Magistrate Judge (ECF No. 28) is accepted and adopted as an order of the Court as stated herein;

(3) That Defendants' Motion to Dismiss (ECF No. 20) is GRANTED;

(4) That the Clerk shall enter JUDGMENT in favor of Defendants and against Plaintiff as stated herein, and in favor of the other Defendants and against Plaintiff as stated in the Order of January 30, 2018 (ECF No. 9); and

(5) That the Clerk shall close this case.

DATED this 21st day of March, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge