# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-02769-RM-KMT

MARTIN MARTINEZ,

    Plaintiff,

v.

SHERIFF MATT LEWIS,
CAPTAIN ART SMITH,
MESA COUNTY BOARD OF COUNTY COMM. MEDICAL PROVIDER,
CORRECTCARE SOLUTIONS,
REGIONAL OPERATINS MNGR CCS,
LEAH THRAILKILL, RN, and
DENTIST DEMBINSKI,

    Defendants.

---

# ORDER
---

This matter is before the Court on Plaintiff's Motion to Vacate Dismissal (the "Motion") (ECF No. 43), seeking relief from the judgment and order entered in this case dismissing Plaintiff's remaining claim for relief. (ECF Nos. 39 & 42.) Defendant filed a response to which Plaintiff filed a reply. The matter is ripe for resolution. Upon consideration of the record and the applicable law, the Motion is denied.

## I. BACKGROUND

The parties are familiar with the background which precedes Plaintiff's Motion, so it will only be briefly summarized here.

On September 19, 2018, the Magistrate Judge recommended that Defendants' motion to dismiss be granted and Plaintiff's remaining claim be dismissed with prejudice. The Magistrate

Judge specifically advised the parties that objections were due within 14 days of the service of the recommendation. Plaintiff sought a 30-day extension of time to file any objection, which the Court granted. The Court allowed Plaintiff to and including October 26, 2018 to file any objection. (ECF No. 30.) Plaintiff, however, failed to show he timely objected.

Plaintiff's objection was received on November 1, 2018, unsigned, and with an envelope that failed to show when the objection was filed. (ECF No. 31.) Thus, it was six days late. Defendants specifically pointed this out in their response to the objection. (ECF No. 32, p. 1.) Although the rules provide for no reply brief, Plaintiff filed a reply which the Court accepted and considered.[1] Plaintiff's reply argued – without any support – that he "entered his objection on or before the extended date of October 26, 2018" and that the record showed it was so. (ECF No. 35, p. 2.) By Order dated March 21, 2019 (the "Order"), the Court found otherwise, struck Plaintiff's objection, and, after conducting a clear error review, adopted the recommendation. Plaintiff's Motion followed.

## II. LEGAL STANDARD

### A. *Pro Se* Plaintiff

The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

---

[1] Plaintiff's reply was signed, dated, and contained a certificate of service of December 6, 2018. (ECF No. 35, pp. 15-16.)

### B. Motion to Alter or Amend

Plaintiff's Motion requests the Court to alter or amend the judgment, arguing his objection was timely filed. Construed liberally, the Court considers Plaintiff's motion as being filed under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.

Rule 59(e) allows a district court to alter or amend a judgment. "'Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (brackets in original) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, [but it] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) (finding party waived theory that was not raised in original motion because a "motion for reconsideration is not, however, an opportunity for the losing party to raise new arguments that could have been presented originally.").

Rule 60(b) contains six bases on which a party may obtain relief of which only two may arguably apply to Plaintiff's assertions: "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (b)(6). "A Rule 60(b) motion for relief from judgment[, however,] is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018) (citation omitted). And, a "district court has substantial discretion in connection

with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The burden is on the moving party to prove relief is warranted under Rule 60(b). *See id.* (movant required "to plead and prove excusable neglect" (emphasis in original)).

### III. ANALYSIS

Plaintiff submitted an Inmate Request Form and the Outgoing Restricted Inspection Mail Log for October and November 2018 (collectively, the "Documents") with the Motion. The October 2018 mail log purports to show that on October 25, 2018 Plaintiff submitted some paper addressed to the court which was then mailed on October 26, 2018. Defendants respond that the submissions are insufficient. The Court agrees.

Defendants essentially raise two arguments. First, Defendants challenge the authenticity of the Documents and whether they show what Plaintiff asserts they show, i.e., that his objection was timely filed. The Court finds it need not reach this issue as, even assuming the Documents show the objection was timely filed, the Court agrees with Defendants' second argument – Plaintiff fails to show the Documents should be considered *now*.

Defendants' second argument is that Plaintiff fails to show relief may be had under Rule 59(e) or Rule 60(b). As Defendants argue, and the Court stated in its Order, Plaintiff knew timeliness was at issue but never sought to supplement the record or include additional information in his reply to show his objection was timely. Instead, Plaintiff provided unsubstantiated argument that he had timely filed his objection. Plaintiff could have submitted the Documents with his reply. He did not then. Instead, he waited until after the Court adopted the recommendation.

The Court finds Plaintiff may not raise the Documents and associated argument now as they could have been raised prior to the entry of judgment. *Nelson v. City of Albuquerque*, 921

F.3d 925, 929 (10th Cir. 2019). Plaintiff's current argument with its attendant Documents comes too late. And, on this record, the Court further finds that it would not be manifestly unjust to disallow Plaintiff a second bite of the apple to show compliance with a court order; that Plaintiff's failure to provide the Documents earlier does not constitute excusable neglect; and that no other reason has been shown that would justify granting relief. Accordingly, the Court finds Plaintiff fails to meet his burden.

**IV.     CONCLUSION**

Based on the foregoing, it is **ORDERED** that the Motion to Vacate Dismissal (ECF No. 43) is **DENIED**.

DATED this 26th day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge